RENSSELAER & S. R. CO. v. IRWIN, Collector of Internal Revenue.

(Circuit Court of Appeals, Second Circuit.   January 16, 1918.)

No. 70.

1. NOVATION ⬤⟞5—WHAT CONSTITUTES.
    A "novation" is a substitution of one debtor in place of another; the old debt being extinguished.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Novation.]

2. INTERNAL REVENUE ⬤⟞7—INCOME TAXES—"INCOME."
    Income Tax Act Oct. 3, 1913, c. 16, § 2, G(a), 38 Stat. 172, declares that the normal tax hereinbefore imposed upon individuals shall likewise be levied upon the entire net income arising or accruing from all sources during the preceding year to every corporation.  Long prior to the passage of the act, plaintiff railroad company had leased its line to a second company, which agreed to pay the interest upon bonds issued by plaintiff, and to pay direct to each stockholder dividends at the rate of 8 per cent. per annum.  Under the agreement, plaintiff received $1,000 yearly from the lessee to enable it to maintain its corporate existence. *Held*, in view of the fact that the agreement provided that the lessee should not pay any income tax that might thereafter be imposed on the dividends and interest, and that, if required by law to pay the same, it might deduct the amount from such interest and dividends, the dividends paid direct to the stockholders as rent must be treated as corporate "income" subject to taxation, for the provision for payment directly by the lessee was a mere labor-saving device.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Income.]

3. INTERNAL REVENUE ⬤⟞7—INCOME TAXES—LIABILITY.
    A corporation is liable under Income Tax Act Oct. 3, 1913, § 2, G(a), imposing taxes on corporate income arising or accruing from all sources, even though it was not engaged in business and derived all its income as rent from its property.
    Hough, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Northern District of New York.

Complaint by the Rensselaer & Saratoga Railroad Company against Roscoe Irwin, as Collector of Internal Revenue.  A demurrer to the complaint was sustained (239 Fed. 739), and plaintiff brings error. Affirmed.

G. B. Wellington, of Troy, N. Y., for plaintiff in error.

D. B. Lucey, U. S. Atty., of Ogdensburg, N. Y., for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge.   This is a writ of error to a judgment dismissing the complaint on demurrer.  The action is to recover taxes paid under protest by the plaintiff to the defendant as collector of internal revenue of the Fourteenth district of the state of New York assessed upon its income for the years 1913 and 1914 under section

2, G(a), of the Act of October 3, 1913 (38 Stat. 172, c. 16), which reads:

"The normal tax hereinbefore imposed upon individuals likewise shall be levied, assessed, and paid annually upon the entire net income arising or accruing from all sources during the preceding calendar year to every corporation, joint-stock company or association, and every insurance company, organized in the United States, no matter how created or organized, not including partnerships. * * * "

[1, 2] May 1, 1871, the plaintiff leased its railroad, equipment, and franchises for the term of its charter of 500 years and of any extension thereof to the Delaware & Hudson Canal Company, in consideration whereof the lessee agreed to pay an annual rent as follows: The interest on $1,625,000 of mortgage bonds made, guaranteed or assumed by the lessor; the interest and $5,000 annually on account of the principal of the lessor's bond to the city of Troy on account of the Troy Union Railroad Company; the interest on $375,000 of 7 per cent. bonds to be issued by the lessor, payment of interest guaranteed by the lessee; a dividend of 4 per cent., payable semiannually, on the lessor's capital stock; and the rents accruing and to become due on certain leases to which the lessor was a party. The lessee further agreed to stamp upon the lessor's bonds and stock on presentation a guaranty of payment of the interest and dividends aforesaid to the owners and holders. Every share of the plaintiff's stock is so stamped. It was, however, expressly provided that the lessee was not to pay the then income tax or any income tax that might thereafter be imposed on the said dividends and interest, and that, if required by law to pay the same, it might deduct the amount of tax so paid from the said interest and dividends.

The lessor covenanted to continue its corporate organization at the expense of the lessee, not exceeding $1,000 annually, and to co-operate with the lessee as far as legal and practicable to make the lease perpetual. The lessee from 1871 down to the present time has continued to be in possession of the lessor's properties and franchises, has operated and maintained the road, and has kept transfer books of the lessor's bonds and stocks.

The plaintiff contends that it has no other income than the $1,000 paid it annually by the lessee as expense of keeping up its corporate organization and an income from other sources amounting to $3,600 annually, and that the moneys paid as rent to the holders of its bonds and stocks is their income. On the other hand, the defendant contends that the rent, though so paid, is as matter of law income of the plaintiff. Judge Ray took the latter view, sustained the demurrer, and dismissed the complaint. We entirely concur with him.

It is true that the rent of its road does not go into the plaintiff's treasury and that it has no means of withholding the tax from it. It is also true that the rent reserved by the lease is paid by the lessee in fixed sums to third parties. All the same, the rent is the property of the plaintiff, and remains such, though by the terms of the lease paid out to others, whose rights are derived through it. While the rent is a debt of the lessee to the lessor, it is, as between the lessor and

its stockholders, the lessor's income, out of which the dividends, if any, are to be paid.

The application of the rent under the lease is a mere labor-saving device, the effect being exactly the same as if it be paid to the lessor and by it paid out as far as necessary to bondholders for interest, and the surplus in dividends to its stockholders. The description of the fixed sum to be paid by the lessee of 8 per cent. to the lessor's stockholders as a dividend shows that the payment is made as agent of the lessor.

To speak of the lease as a novation is a misuse of language. A novation is a substitution of one debtor in place of another, the old debt being extinguished. 29 Cyc. 1130. The lessee's guaranty of the payment of interest on the lessor's bonds does not substitute the lessee as debtor for the lessor, not extinguish the old debt by releasing the lessor from liability to the holders. It is merely an additional security likely to increase the market value of the bonds. Between the stockholders and the lessor, the relation of debtor and creditor does not exist, so that no question of the substitution of the lessee as debtor for the lessor can arise. The stockholders do not cease to be stockholders of the lessor because the lessee has agreed to pay them 8 per cent. per annum on their stock as a dividend. As we said in Anderson v. Morris & Essex R. R., 216 Fed. 83, at page 90, 132 C. C. A. 327, 334:

"But, to make the act applicable, the lessor company must not alone exist 'under the laws' of the state which created it. It must, in addition, have a net income over and above $5,000, etc. It is said the lessor company does not meet that requirement of the law, as no money was paid to it; the rentals having been paid, not to it, but to its stockholders and bondholders. The notion that a corporation is an artificial entity distinct from the members who compose it is a fiction of the law, which the courts recognize for some purposes and disregard for others. Without going into the matter at length, it suffices to say that the fact that the lessee paid the rent, not to the corporate entity, but to the stockholders and bondholders, cannot prevent the act from applying to the money so paid, if the other conditions of the act make its terms applicable. The fiction referred to cannot be permitted to accomplish a fraud upon the statute and an evasion of its obligations."

[3] The fact that the plaintiff is not engaged in business which, as we held in that case, would be conclusive against the liability for income tax under the act of August 5, 1909 (36 Stat. 11, c. 6), is wholly immaterial under the act of 1913, which taxes income "arising or accruing from all sources." We are not concerned with the questions how the plaintiff can pay the tax or how the government is going to collect it.

Decree affirmed.

HOUGH, Circuit Judge (dissenting). It seems certain that what is taxed is the income of the persons against whom assessment is made, not that of some one else. Nor is any peculiar signification given to the word "income," which ordinarily means "money, and not the expectation of receiving it, or the right to receive it at a future time." United States v. Schillinger, 14 Blatchf. 71, Fed. Cas. No. 16,228.

This plaintiff certainly never received this money, nor had it any right so to do, for by the terms of the lease the so-called "dividends" shall be paid direct to the shareholders. That is the shareholders' right, not at all a privilege of the plaintiff, nor a "mere labor-saving device." The test is: Would a payment by the Delaware & Hudson to the Rensselaer & Saratoga discharge the former's obligation or liability to the individual shareholders? It seems to me that reading the lease requires a negative answer.

The truth is "dividends" is an inappropriate and misleading word, for these recurring payments bear no relation to earnings, and are debts of the Delaware & Hudson to the shareholders severally, who own said debts as they arise or accrue, who could sue for them, and against whom the tax should be laid or assessed.

The quotation relied on from Anderson v. Morris & Essex R. R., supra, was not necessary to the decision of that case, and as obiter, is not an adjudication. As applied to the statute now under consideration, it produces this result, namely: That income arises or accrues to a person, though he has it not in possession, and does not even own the right to sue for and recover it.

On these grounds I dissent.