## RENSSELAER & S. R. CO. v. DELAWARE & HUDSON CO.

(Circuit Court of Appeals, Second Circuit. April 16, 1919.)

### No. 206.

COURTS ⊙═297—FEDERAL COURT—JURISDICTION OF CASE INVOLVING INCOME TAX ON RAILROAD DIVIDENDS.

> The Circuit Court of Appeals has no jurisdiction of a suit by one railroad company against another and the collector of internal revenue, to determine a liability for the income tax on certain dividends as between the two companies, where the controversy depends wholly on the construction of the lease executed by plaintiff railroad to defendant; both being citizens of the state of New York, whose courts may determine the controversy, unless the collector should remove the case under Judicial Code, § 33 (Comp. St. § 1015).

Appeal from the District Court of the United States for the Northern District of New York.

Suit in equity by the Rensselaer & Saratoga Railroad Company against the Delaware & Hudson Company, impleaded, and another. From a decree dismissing the bill, complainant appeals. Bill directed to be dismissed without prejudice against the named defendant.

Certiorari denied, 249 U. S. ——, 39 Sup. Ct. 492, 63 L. Ed. ——.

G. B. Wellington, of Troy, for appellant.

Walter C. Noyes, of New York City, for appellee.

Before WARD, HOUGH, and MANTON, Circuit Judges.

WARD, Circuit Judge. The Rensselaer & Saratoga Railroad Company, a corporation and citizen of the state of New York, filed this bill in equity against the Delaware & Hudson Company, also a corporation and citizen of the state of New York, and Roscoe Irwin, collector of United States internal revenue for the Fourteenth district, praying that the collector defendant might be restrained from attempting to collect a balance of income tax due by the plaintiff for the year 1916, by seizure and sale of any of its property, and that he be required to collect the same of the defendant the Delaware & Hudson Company, and that the Delaware & Hudson Company be directed to pay the balance of said income tax due, and to pay any income tax that shall be levied hereafter against the plaintiff by charging the same pro rata to the plaintiff's stockholders and deducting the amount from the dividends which it has agreed to pay such stockholders. The collector made default, and the Delaware & Hudson Company moved to dismiss the bill on various

grounds not necessary to mention, which motion the District Judge granted.

Our decision in Rensselaer & Saratoga R. R. Co., v. Irwin, 249 Fed. 726, 161 C. C. A. 636, and the decision of the Court of Appeals of the state of New York in Rensselaer & Saratoga R. R. Co. v. Delaware & Hudson Co., 217 N. Y. 692, 112 N. E. 1072, which were the subject of discussion on the argument may be referred to. We see nothing in the latter decision to prevent the courts of the state of New York determining the controversy as to future dividends between the corporations and that with the collector too (if he should not remove the case under section 33 of the Judicial Code [Act March 3, 1911, c. 231, 36 Stat. 1096, Comp. St. § 1015]), as a new question; but as it depends wholly upon the construction of the lease executed by the Rensselaer & Saratoga Railroad Company to the Delaware & Hudson Company May 1, 1871, and both parties are citizens of the state of New York, we have no jurisdiction of the present suit.

The court below is therefore directed to dismiss the bill without prejudice against the defendant Delaware & Hudson Company.