## APPEAL OF SAMUEL V. WOODS.

Docket No. 7365.   Decided November 10, 1926.

Where an owner leases property, and in the lease agreement directs that the lessee shall pay to third persons portions of the rents and royalties as they become due, this action constitutes an exercise of control over income when it actually arises, is an incident of the enjoyment of the fruits of ownership, and the amounts so paid are properly treated as income of the lessor.

*H. V. Campbell, Esq.,* and *Arthur S. Dayton, Esq.,* for the petitioner.

*P. J. Rose, Esq.,* for the Commissioner.

Deficiency of something less than $732.26 income tax for 1920, arising from the addition by the Commissioner to petitioner's income of amounts of royalties paid directly to his wife and daughter under the terms of the royalty instruments. The facts are all stipulated.

### FINDINGS OF FACT.

Petitioner was in 1920 the owner in fee of property leased by him and his wife on August 1, 1916, to George I. Stafford and others and later assigned by the lessee to the Big Run Coal Co. This lease contains the following provision:

For the year following January 30th, 1918 to January 30th 1919, the lessees shall mine and remove from the leased premises not less than thirty-six thousand tons of coal, and pay for the same as aforesaid at ten cents per ton, whether mined and removed or not, as follows: To Mollie S. Woods $150.00 per quarter, to Samuel V. Woods the residue thereof. For the year following from January 30th, 1919 to January 30th, 1920, the lessees shall mine and remove and pay for as aforesaid at least sixty-five thousand tons, Mine Run, and therefrom pay Mollie S. Woods quarterly $400.00 and to Samuel V. Woods the residue, and for the year following from January 30th, 1920, to January 30th, 1921, and every year thereafter, the lessees shall mine and remove and pay for, whether mined and removed or not, not less than seventy-five thousand tons, Mine Run, from the leased premises, to be paid as aforesaid, in the proportion aforesaid, and they shall in addition thereto mine, remove and market the said coal with all reasonable dispatch, and within the period of this lease mine, remove and pay for the whole thereof.

Petitioner was in 1920 the owner in fee of an undivided one-half interest in the property leased by him and his wife and Cora M. Peck and her husband on June 7, 1917, to George I. Stafford and Samuel Hale and later assigned by the lessee to the Meadowville Coal Co. This lease contains the following provision:

On the 7th day of September, December, March and June, in every year, and to the extent of one-half thereof, shall, until otherwise ordered by him, be payable to Samuel V. Woods, at the Citizens National Bank of Philippi, except that out of the one-half so payable to him there shall be paid quarterly, at the times and place aforesaid, to Mollie Strickler Woods, One Hundred Dollars, and as to the remaining one-half thereof, the royalty shall be payable as aforesaid in equal proportions to Edmund H. Crim and Cora M. Peck.

Payments under these two leases were made during 1920 in the total amount of $2,000 to Mollie S. Woods.

Petitioner was in 1920 the owner in fee of an undivided one-half interest in the property leased by him and his wife and Cora M. Peck and her husband on December 17, 1917, to the Lee Collieries Co. This lease contains the following provisions:

Beginning with the operations· under this lease in the year 1918, and monthly thereafter, the royalties herein to be paid by lessee, shall be payable as follows, that is to say:

To Samuel V. Woods, at the Citizens National Bank of Philippi, until otherwise ordered by him, one-half of all royalties accruing, except that out of his one-half thereof lessee shall pay, after the year 1918 until otherwise ordered by him, $50.00 thereof monthly, to his daughter, Ruth Woods Dayton, and the residue pay to Woods as aforesaid.

And the remaining one-half of such royalty shall be payable to Cora M. Peck and E. H. Crim equally, and until otherwise ordered by them, at the Bank aforesaid.

Payments under this lease were made during 1920 in the total amount of $591.46 to Ruth Woods Dayton.

Mollie S. Woods and Ruth Woods Dayton are the wife and daughter, respectively, of petitioner. They included said amounts as income on their returns and paid income taxes thereon.

The Commissioner has included the said amounts in the income of petitioner.

OPINION.

STERNHAGEN: Is the mere order by a property owner to his lessee to pay part of the rent or royalties to his wife or daughter, upon which the lessee acts, enough to take the income thus diverted out of the taxable income of the owner? So far as appears from the facts stipulated, there was no legal obligation to the wife and daughter at the base of the arrangement, and in the Meadowville and Lee Collieries leases the payment was " until otherwise ordered by " petitioner. Even if, under the local law of any litigation which might be founded on these leases, these designated payees might as third parties beneficiary enforce payment from the lessee directly to them, this would not prove that the owner had no interest in the amount or that it was not his income. *Rensselaer & Saratoga R. R. Co.* v. *Irwin*, 249 Fed. 726. This decision, which the Supreme Court refused to review, 246 U. S. 671, held that where the lessor had contracted away its right to receive rent and gave its stockholders a direct claim against the lessee, the rent was nevertheless taxable as income of the lessor. It is clearly authority for taxing the owner in this case where, so far as the record shows, he merely designates another to receive during his pleasure. Conceded that he did not have actual possession of the amount so paid, possession is not the determining fact of income even on the cash receipts basis. If it were, there would be many questions arising from a system of credit and banking which all now recognize as settled.

The petitioner, the parties agree, was the owner of the property from which the income was derived. As such owner he had the right to the income or the right to dispose of it. In the enjoyment of this right, he ordered it paid directly to another until otherwise ordered. He might have taken it, or he might have ordered it sent

to his bank, paid directly to a creditor, or held by the lessee. Whichever of these courses he took was an exercise of his enjoyment of the fruits of his ownership inherent in such ownership. It measured his ability to contribute to the cost of government. Such a voluntary act in anticipation of actual receipt and before the income exists can only affect the income when it actually arises, and in our opinion it may properly be treated as coming to him and immediately disposed of. See *Ormsby McKnight Mitchel*, 1 B. T. A. 143.

> *Judgment will be entered in accordance with the foregoing findings of fact and opinion on 15 days' notice, under Rule 50.*

PHILLIPS: I dissent in so far as the decision affects payments to the wife under the Big Run and Meadowville leases.