*415 OPINION.
Sternhagen:
Is the mere order by a property owner to his lessee to pay part of the rent or royalties to his wife or daughter, upon which the lessee acts, enough to take the income thus diverted out of the taxable income of the owner? So far as appears from the facts stipulated, there was no legal obligation to the wife and daughter at the base of the arrangement, and in the Meadowville and Lee Collieries leases the payment was “ until otherwise ordered by ” petitioner. Even if, under the local law of any litigation which might be founded on these leases, these designated payees might as third parties beneficiary enforce payment from the lessee directly to them, this would not prove that the owner had no interest in the amount or that it was not his income. Rensselaer & Saratoga R. R. Co. v. Irwin, 249 Fed. 726. This decision, which the Supreme Court refused to review, 246 U. S. 671, held that where the lessor had contracted away its right to receive rent and gave its stockholders a direct claim against the lessee, the rent was nevertheless taxable as income of the lessor. It is clearly authority for taxing the owner in this case where, so far as the record shows, he merely designates another to receive during his pleasure. Conceded that he did not have actual possession of the amount so paid, possession is not the determining fact of income even on the cash receipts basis. If it were, there would be many questions arising from a system of credit and banking which all now recognize as settled.
The petitioner, the parties agree, was the owner of the property from which the income was derived. As such owner he had the right to the income or the right to dispose of it. In the enjoyment of this right, he ordered it paid directly to another until otherwise ordered. He might have taken it, or he might have ordered it sent *416 to liis bank, paid directly to a creditor, or held by the lessee. Whichever of these courses he took was an exercise of his enjoyment of the fruits of his ownership inherent in such ownership. It measured his ability to contribute to the cost of government. Such a voluntary act in anticipation of actual receipt and before the income exists can only affect the income when it actually arises, and in our opinion it may properly be treated as coming to him and immediately disposed of. See Ormsby McKnight Mitchel, 1 B. T. A. 143.
Judgment will be entered in accordance with the foregoing findings of fact and opinion on 15 days’ notice, under Bule 50.