*The deficiency is redetermined to be $645.63.*
*Decision will be entered accordingly.*

---

APPEAL OF PROVIDENCE & WORCESTER RAILROAD CO.

Docket Nos. 6297, 7775.    Promulgated January 26, 1927.

> Petitioner in 1892 leased its premises and property for a term of years, the lessee agreeing to pay all taxes imposed upon the lessor with reference to the rental. The lessee paid the income and profits taxes upon the net income returned by the petitioner for the taxable years. *Held*, the amount of the tax so paid constitutes additional income to the petitioner for the year in which such tax became due and was paid.

*J. S. Y. Ivins, Esq.*, and *O. R. Folsom-Jones, Esq.*, for the petitioner.

*John W. Fisher, Esq.*, for the Commissioner.

The petitioner filed two appeals which have been consolidated—one from the determination of a deficiency of $8,177.95 in income and profits taxes for 1921, the other from the determination of deficiencies of $5,464.67 and $5,461.71 in income taxes for 1922 and 1923, respectively.

### FINDINGS OF FACT.

The Providence & Worcester Railroad Co., the petitioner herein, was, during the years 1921, 1922, and 1923, a corporation existing under and by virtue of the laws of the States of Massachusetts and Rhode Island.

The New York, New Haven, & Hartford Railroad Co. was, during the years 1921, 1922, and 1923, a corporation existing under and by virtue of the laws of the States of Massachusetts, Rhode Island, and Connecticut.

Under date of December 17, 1892, the petitioner leased its premises and property to the New York, New Haven & Hartford Railroad Co. for a term of 99 years from July 1, 1892, the lease containing, among other provisions, the following clause:

> The lessee further covenants to pay, during each year of said term, all taxes, rates, charges, and assessments, ordinary and extraordinary, which may be lawfully imposed or assessed in any way upon the lessor or lessee with reference to the premises and property hereby demised, the capital stock of the lessor, its indebtedness, franchises and revenues or said rental; said payments to be made to the authority or treasurer entitled by law to receive the same, whether Federal, State or municipal, so that said lessor shall be saved harmless, during the continuance of this lease from any tax, assessment or charge under laws or proceedings made or authorized by the United States or any State or municipality.

By virtue of the provisions of such lease the New York, New Haven & Hartford Railroad Co. paid, in 1922, 1923, and 1924, the Federal income and profits taxes for the years 1921, 1922, and 1923, respectively, upon the net income returned by or for the petitioner for those years. The Federal income and profits taxes so paid were at least $40,355.77 paid in 1922 on income of $349,716.86 returned for 1921, $43,717.36 paid in 1923 on income of $349,738.84 returned for 1922, and $43,693.72 paid in 1924 on income of $349,549.74 returned for 1923. The taxes so paid on the income for the respective years 1921, 1922, and 1923, were not due and payable until on or after March 15, 1922, 1923, and 1924, respectively.

The deficiencies determined by the Commissioner are predicated upon treating as additional income to the taxpayer for the year 1921 an amount equal to the Federal income and profits taxes computed on income of $349,716.86 originally returned for the year 1921, and upon treating as additional income to the taxpayer for the year

1922 an amount equal to the Federal income tax paid on income of $349,738.84 originally returned for the year 1922, and upon treating as additional income to the taxpayer for the year 1923 an amount equal to the Federal income tax paid on income of $349,549.74 originally returned for the year 1923.

The petitioner kept its books upon the accrual basis.

### OPINION.

PHILLIPS: The sole question presented is whether the amount of the payment by the lessee railroad, pursuant to its contract, of income and profits taxes assessed against the lessor constitutes taxable income to the lessor. While conceding that such payment constitutes a benefit to the lessor, counsel for the petitioner contend that nothing was actually or constructively received by it which was subject to tax as income.

From the admitted facts set out above we can not determine definitely whether the income and profits taxes of the petitioner were paid to it by the lessee, and by it to the Government, or paid by the lessee directly to the Government on behalf of the lessor. If the first alternative were the situation, petitioner could scarcely contend that nothing was actually received by it which was subject to tax as income. Does it make any difference if, as seems to be the more literal interpretation of the admitted allegations of the petition, the payment of the tax of the petitioner was made directly to the collector by the lessee?

In *Merchants' Loan & Trust Co.* v. *Smietanka*, 255 U. S. 509; 3 Am. Fed. Tax Rep. 3102, which arose under the Revenue Act of 1916, the Supreme Court, citing several decisions rendered by it under the Corporation Excise Tax Act of 1909, said:

It is obvious that these decisions in principle rule the case at bar if the word "income" has the same meaning in the Income Tax Act of 1913 that it had in the Corporation Excise Tax Act of 1909, and that it has the same scope of meaning was in effect decided in *Southern Pacific Co.* v. *Lowe*, 247 U. S. 330, 335, where it was assumed for the purposes of decision that there was no difference in its meaning as used in the Act of 1909 and in the Income Tax Act of 1913. There can be no doubt that the word must be given the same meaning and content in the Income Tax Acts of 1916 and 1917 that it had in the Act of 1913. When to this we add that in *Eisner* v. *Macomber, supra*, a case arising under the same Income Tax Act of 1916 which is here involved, the definition of "income" which was applied was adopted from *Stratton's Independence* v. *Howbert, supra*, arising under the Corporation Excise Tax Act of 1909, with the addition that it should include "profit gained through sale or conversion of capital assets," there would seem to be no room to doubt that the word must be given the same meaning in all of the Income Tax Acts of Congress that was given to it in the Corporation Excise Tax Act, and that what that meaning is has now become definitely settled by decisions of this court.

To the same effect, see *Edwards* v. *Cuba R. R. Co.*, 268 U. S. 628; 5 Am. Fed. Tax Rep. 5398.

There is no substantial difference between gross income as defined in the Revenue Acts of 1916 and of 1921, and we conclude that we may look to the decisions of the courts under such prior acts for assistance in determining what is income under the Revenue Act of 1921.

In *Rensselaer & Saratoga R. R. Co.* v. *Irwin*, 249 Fed. 726; 1 Am. Fed. Tax Rep. 945, the plaintiff had leased its railroad equipment and franchises to the Delaware & Hudson Canal Co., in consideration of which the lessee agreed to pay, among other things, interest upon the bonded indebtedness of the lessor and dividends of 4 per cent per annum to the stockholders of the lessor. In that case the Circuit Court of Appeals for the Second Circuit held that the interest and dividends so paid constituted income to the lessor under the Corporation Excise Tax Law of 1909. In a similar case, the Circuit Court of Appeals for the Fifth Circuit reached the same conclusion. *Houston Belt & Terminal Ry. Co.* v. *United States*, 250 Fed. 1; 1 Am. Fed Tax Rep. 949.

In the determination of the income of this lessor, we fail to see any distinction in principle between payments by the lessee of interest to bondholders of the lessor, payment of dividends to stockholders of the lessor, and payments of taxes of the lessor. In each of the cases cited, as in the present case, the payment was made as a part of the compensation for the use of property, and in each case the payment, although it did not pass through the hands of the lessor, was made for its benefit and account. It may be true, as contended by the petitioner's counsel, that not every benefit derived from the use or disposition of property is taxable as income. In circumstances such as we have here, however, the payment of an indebtedness, pursuant to a contract for the use of property, impresses us as being as truly a part of the income from the property as would be a payment of an equal amount made directly to the petitioner.

We are not unmindful of the statement, cited by counsel for the petitioner, made by the Supreme Court in *Duffy* v. *Central R. R. Co.*, 268 U. S. 55; 5 Am. Fed. Tax. Rep. 5377, in discussing permanent improvements made by the lessee to the property of a lessor, that—

The term "rentals," since there is nothing to indicate the contrary, must be taken in its usual and ordinary sense, that is, as implying a fixed sum, or property amounting to a fixed sum, to be paid at stated times for the use of property * * * and in that sense it does not include payments, uncertain both as to amount and time, made for the cost of improvements or even for taxes.

The court, however, further said:

Nor do such expenditures come within the phrase "or other payments," which was evidently meant to bring in payments *ejusdem generis* with

"rentals," such as taxes, insurance, interest on mortgages, and the like, constituting liabilities of the lessor on account of the leased premises which the lessee has covenanted to pay.

Nor is this similar to the situation presented in *Edwards* v. *Cuba, R. R. Co.*, *supra*, where it was held that a contribution to the capital of a corporation in the nature of a subsidy is not income. Here the payment is recurrent and arises from the use of the property.

Although we have already stated our conclusions, certain contentions made by counsel for the petitioner deserve consideration here. It is said that the decision in *Duffy* v. *Pitney*, 2 Fed. (2d) 230; 5 Am. Fed. Tax Rep. 5133, in which is was held that the 2 per cent tax paid by a corporate obligor on interest upon so-called tax-free covenant bonds was not additional income to the obligee, is controlling. The law there considered imposed a tax upon the corporate obligor equal to 2 per cent of the interest and provided that the obligee should be entitled to credit for such amount. The effect was to tax the obligor and to reduce the tax of the obligee. The tax paid by the obligor was a tax imposed upon it and not one imposed upon the obligee, even though the same law reduced the amount of tax due from the obligee. In the case before us, however, the tax which was paid was levied by law upon the petitioner and not upon the lessee. The payment by the lessee was in the nature of compensation for the use of the property, was imposed by contract, and was not a part of a tax liability imposed upon it by law.

It is pointed out by counsel for the petitioner that if the tax paid by the lessor is additional income to petitioner, the lessee is obligated to pay the tax on such additional amount, which payment in turn is additional income subject to tax. It is said that, if the contention of the Commissioner be carried to its logical conclusion, the tax must be computed upon each payment of tax until the last computation is a minor fraction of a cent; that such computation requires the use of an algebraic formula and that "algebraic formulae are not lightly to be imputed to legislators." *Edwards* v. *Slocum*, 264 U. S. 61; 4 Am. Fed. Tax Rep. 3807. In the instant appeal we are not called upon to determine whether the lease requires the interpretation which counsel would assign to it or whether the law requires such an interpretation, for the Commissioner proposes to include as additional income only the amount of the tax assessed and paid upon amounts which are admittedly income, and this computation requires the use of no algebraic formula. It would seem, however, that the necessity for the use of such a formula, if it exists, is not to be attributed to the legislators but to the contract made by the parties. It would scarcely be argued that parties may escape tax because their contracts require the use of such a formula to determine true income. So far

as we have been able to ascertain, the quoted expression has been used in cases where the contention was made that the taxing statute was inherently such as to necessitate the use of such a formula in the application of its provisions. No decision has been called to our attention, nor do we know of any, which goes so far as to hold that the use of such formula may not become necessary in computing income or tax liability by reason of dealings by the taxpayer.

The Commissioner has treated as income for each of the taxable years the amount of the tax which became due and was paid in the succeeding year. Under the decisions of the Board in the *Appeals of Russell Milling Co.*, 1 B. T. A. 194; *L. S. Ayers & Co.*, 1 B. T. A. 1135; and *Norwich & Worcester R. R. Co.*, 2 B. T. A. 215, this appears to have been in error. In the last cited case it was held that a tax which became due and was paid by the lessee in 1919 upon 1918 income was not income for 1918, since the tax did not accrue until 1919 and the income could not have accrued prior to 1919. This decision of the Board was followed in the United States District Court, District of Massachusetts, when suit was brought by the United States to recover the amount of tax disallowed by the Board in its decision. *United States* v. *Norwich & Worcester R. R. Co.*, 16 Fed. (2d) 944. Pursuant to those decisions the deficiency should be recomputed by including as income for 1921 the amount of the tax which became due and payable in that year upon 1920 income; by including as income for 1922 the amount of the tax which became due and payable in that year upon income of 1921, and by including as income for 1923 the amount of the tax which became due and payable in that year upon 1922 income.

> *Decision will be entered on 15 days' notice,*
> *under Rule 50.*