In re WOERNER et al.

Circuit Court of Appeals, Second Circuit. March 4, 1929.

No. 221.

Adolph Feldblum, of New York City (Sol Grossman, of New York City, of counsel), for appellant.

Gustav Goodmann, of New York City, for appellees.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge. Appellant and appellees entered into an agreement on February 3, 1927, to organize a corporation which would develop the sale and distribution of circular knitting machines and accessories in the United States and Canada. The appellees agreed to give their time, necessary to develop the business, and the appellant to advance moneys to carry it on. It was agreed to distribute stock among the parties pursuant to the terms of the agreement. The machine to be manufactured, developed, and sold was made in Germany. It was agreed that, in case of any dispute between the parties, it should be settled by arbitration; each party appointing an arbitrator and the two selecting a third. It was agreed: "And the award of the majority of the arbitrators shall be binding upon the parties hereto and judgment may be entered thereon in any court having jurisdiction."

A dispute arose which involved the matter of money contributions between the parties. It did not involve the importation of any of the machines from Germany. Indeed, the individuals were not to import the machines; that was to be done by the corporation. After such dispute, the parties entered into a submission agreement, whereby the arbitration was to be conducted and adjudged

"pursuant to the rules and regulations adopted by the Committee on Arbitration of the National Knitted Outerwear Association, and pursuant to the United States Arbitration Act (Public Law No. 401—68th Congress)," and further:

"We do further mutually covenant and agree that judgment of the United States District Court, Southern District of New York, may be entered in any district having appropriate jurisdiction."

The arbitration followed, and an award was made in favor of the appellee for $2,400; the costs of the proceedings were fixed at $785, to be shared equally between the parties, and a judgment was entered in the court below accordingly.

We need not inquire into the disputed questions as to whether one or more of the arbitrators were biased or by their conduct became disqualified, or whether the rules under which the arbitration was conducted were followed as agreed to, for we think the District Court had no jurisdiction to enter the judgment below. There is no proof by affidavit or otherwise of diversity of citizenship, and, indeed, the amount awarded in the submission did not exceed the sum of $3,000. The jurisdiction of the District Court cannot be enlarged by consent or a stipulation that judgment might be entered in the District Court for the Southern District of New York. The court was without jurisdiction. Thomas v. Board of Trustees, etc., 195 U. S. 207, 25 S. Ct. 24, 49 L. Ed. 160; Peper Auto Co. v. American Motor Car Sales Co. (C. C.) 180 F. 245; Anderson v. Bassman (C. C.) 140 F. 10.

The National Arbitration Act (43 Stat. 883 [9 USCA]) provides for arbitration in marine transactions embraced within the admiralty jurisdiction, and its commerce, as referred to therein, means commerce among the several states or with foreign nations, or between any state or foreign nation. Therefore this suit does not arise under the laws of the United States, wherein a decision depends upon the construction of the statute. Western Union Tel. Co. v. Ann Arbor R. Co., 178 U. S. 239, 20 S. Ct. 867, 44 L. Ed. 1052; Rensselaer & S. R. Co. v. Delaware & H. Co. (C. C. A.) 257 F. 555; Fitzgerald v. Missouri Pac. R. R. (C. C.) 45 F. 812. If the record does not affirmatively show that the court had jurisdiction, the case may be dismissed at any time by motion before issue joined or thereafter, and, indeed, after the judgment has been entered, such an objection may be taken in the appellate court. Steigleder v. McQuesten, 198 U. S. 141, 25 S. Ct.

616, 49 L. Ed. 986; Grace v. American C. Ins. Co., 109 U. S. 278, 3 S. Ct. 207, 27 L. Ed. 932; Phœnix-Buttes Gold Mining Co. v. Winstead (D. C.) 226 F. 855.

Decree reversed.