BOULEVARD THEATRE AND REALTY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43640.    Prómulgated June 29, 1931.

*George M. Morris, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.

908

OPINION.

STERNHAGEN: The foregoing detailed findings are made because the respondent justifies his determination upon the ground that under all the circumstances the rent paid by the sublessee who operated the theatre must be regarded as accruing to the petitioner. It seems to us clear, however, that this can not be.

There is in the evidence no suggestion of attempted tax evasion or lack of good faith. Apparently the purpose of the method adopted was to confine the function of petitioner to that of landlord with an assured fixed rental for its property, thus relieving it of the burdens and depriving it of the benefits of the more hazardous operation of the theatre. Whether the several agreements be treated separately or, as respondent suggests, as a single arrangement, the fact persists that

the petitioner had no right to more than the primary rent of $30,000, and neither actually nor constructively received more. The amount of the so-called " additional rent " inured only to petitioner's lessee. Whatever such lessee did with it was by arrangement to which petitioner was legally a stranger. It was a fact that some of the persons who received distributions from Pincus were shareholders of petitioner, but their relations to Pincus' lessee or sublessor were legally distinct from their relations to petitioner as shareholders. If this were not plain as a matter of law, it would be demonstrated by the fact that Graf and the Farg Company were each separately related, the former to the lessee and the latter to petitioner. Those who shared in the rent under the sublease did so not as shareholders of petitioner, but because of their contractual right under its lessee.

The situation is entirely different from cases like *Rensselaer & Saratoga Railroad Co.* v. *Irwin*, 249 Fed. 726, and *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716. They might indicate as to Pincus that the subrental might be attributable to him (about which we need say nothing in this proceeding); but they fasten no tax liability upon petitioner, who was not a recipient from Pincus and to whom Pincus owed no duty. The amount of $30,000 the petitioner has returned as income and has paid tax accordingly. The respondent was in error in ascribing to it the additional amounts.

The depreciation will be adjusted as agreed.

*Judgment will be entered under Rule 50.*