E. H. DOBRIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28086. Promulgated January 31, 1933.

*Edward G. Dobrin, Esq.,* for the petitioner.
*F. B. Schlosser, Esq.,* for the respondent.

OPINION.

MARQUETTE: The petitioner contends that he is not a transferee of the assets of the Arcade Company. While it is true that the assets of that company, consisting of its stock in trade, were transferred directly to Burroughs Company, it is also a fact that the consideration paid by Burroughs was received by the petitioner. That consideration consisted of 140 shares of capital stock in the Burroughs Company, and primarily belonged to the Arcade Company. By direction of that company, as expressed in its resolution to sell its stock in trade to Burroughs, the purchase price was to be paid directly to petitioner and his wife, who were the sole stockholders of the Arcade Company. That procedure was nothing more nor less than a distribution, by shortcut methods, of the assets received by the Arcade Company in exchange for the property which it sold. It is well settled that where a corporation leases its property and the rental price is paid directly to its stockholders, such payment

constitutes taxable income to the corporation. *United States* v. *Western Union Telegraph Co.*, 19 Fed. (2d) 157; affd., 50 Fed. (2d) 102; *Rensselaer & S. Ry. Co.* v. *Irwin*, 249 Fed. 726; certiorari denied, 246 U. S. 671. The same principle was upheld in *Old Colony Trust Co.* v. *Commissioner*, 7 B. T. A. 648; affd., 279 U. S. 716.

We think that principle applies in the present proceeding. The decision cited by petitioner in support of his view, *Signal Gasoline Corp.*, 25 B. T. A. 532, is not in point, for the question here raised was not in issue in that case. We conclude, therefore, that the stock issued by the Burroughs Company in exchange for the stock in trade of the Arcade Company constituted assets of the latter, and petitioner, as a distributee of those assets, became a transferee in respect to them.

Petitioner next contends that respondent has failed to prove that the shares of Burroughs Company's stock had any value. Liability was asserted against the petitioner under section 280 of the Revenue Act of 1926, which provides that there shall be assessed and collected the amount of:

(a) * * *

(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax * * * imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.

The Revenue Act of 1928 places upon the respondent the burden of proof to show that a petitioner is liable as a transferee of property of a taxpayer. Sec. 602.

We have frequently held that the burden thus placed upon the respondent is not met by showing merely that a petitioner has received property of a taxpayer. The value of the assets received must be shown. *Ludwig Vogelstein*, 16 B. T. A. 947. The respondent " must establish all facts necessary to show that there is a liability at law or in equity on the part of that transferee for the payment of the whole or a part of the liability." *Annie Temoyan et al., Trustees*, 16 B. T. A. 923. See also *Phil Gleichman*, 17 B. T. A. 147; *Joseph A. Steinle, Administrator*, 19 B. T. A. 325.

The record before us does not disclose what value the 140 shares of Burroughs Company's stock may have had when issued to the petitioner. It does disclose that about six months later petitioner sold his shares for two notes aggregating $8,000, which amount was paid when due. It further appears that the Burroughs Company was losing money during the six-month period that petitioner held that company's stock. Respondent contends that from those circumstances it may be fairly assumed that the 140 shares of stock had a value of at least $8,000.

There is nothing in the record to indicate that any event transpired between the time petitioner received the shares and the time he sold them to enhance their value. On the contrary, the fact that during that period the Burroughs Company was losing money in its business fairly indicates that if any change occurred in the value of the shares they were worth less when petitioner sold them than when he acquired them. There is no hard and fast rule by which to determine the value of property. Much depends upon time, place and conditions and what would be a good rule in one instance may be no guide in another. Neither is it necessary that a property shall be for sale nor that there shall be a known buyer for it, before it can have a market value. *Chicago Railway Equipment Co.* v. *Blair*, 20 Fed. (2d) 10.

Here we have an actual, bona fide sale. The buyer evidently regarded his purchase as worth all that he paid for it and that circumstance tends to establish the value. *H. H. Blumenthal*, 21 B. T. A. 901. We think the evidence justifies the conclusion, not only that the shares in question were worth $8,000 when sold by the petitioner, but, also, that they were worth at least that amount when he acquired them.

Petitioner further contends that the Arcade Company was indebted to him in excess of $11,000 and that as the value of the stock received for the company's assets was less than the indebtedness, he is not liable as a transferee. The evidence does not support that contention.

Although it appears from the record that petitioner expended approximately $11,000 of his own funds in payment of bills for the company, it also appears that petitioner used between $12,000 and $15,000 of the company's funds for his individual benefit. It thus seems evident that petitioner was indebted to, rather than a creditor of, the Arcade Company. But even assuming he was a creditor of the corporation, the taxes herein would have priority over his claims. *Hutton* v. *Commissioner*, 59 Fed. (2d) 66.

We sustain the respondent's determination that petitioner is liable as a transferee of the Arcade Company, but the amount of tax as originally asserted by the respondent should be reduced in conformity with the decision in *Arcade Department Store, Inc.*, 18 B. T. A. 1172.

*Decision will be entered under Rule 50.*