## UNITED STATES v. LOONEY et ux.

Circuit Court of Appeals, Fifth Circuit. January 7, 1929.

Rehearing Denied February 6, 1929.

No. 5401.

Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La., and E. O. Hanson, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of

Shreveport, La., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and E. O. Hanson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for the United States.

Frank J. Looney, J. M. Grimmet, and Pike Hall, Jr., all of Shreveport, La. (J. M. Grimmet, Pike Hall, Jr., Frank J. Looney, Foster, Hall & Smith and Pugh, Grimmet & Boatner, all of Shreveport, La., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. By separate suits, which were tried together, the appellees, husband and wife, sought to recover amounts paid by them under protest following the inclusion by the government tax officials in the amount on which the income tax of each of the appellees for the year 1921 was computed of part of the amount of an oil royalty paid in 1921 by the lessee under an oil lease covering a described tract of land. For the appellant it was contended that the community income of the appellees included the amount referred to. In June, 1920, while a suit involving the title to the above-mentioned land was pending, while a well on that land was producing oil, and after a firm of which one of the appellees was a member had acquired an undivided half interest in whatever estate in that land was owned by one of the parties to the suit mentioned, with the result that that appellee was entitled to a share of a royalty in the oil produced from that well if his firm's grantor owned the one-half interest called for by the transfer to the firm, a compromise agreement was made between that firm and parties who were entitled to a royalty interest in that oil if an adverse party to that suit was the owner of that land. Under that agreement, the firm mentioned was to receive all sums accruing to the credit of a one-sixteenth undivided interest in oil produced from that well, except that the other parties to that agreement were to receive $200,000 out of the royalties accruing after June 1, 1920, to the credit of that one-sixteenth undivided interest. That agreement provided that it was to be entirely without effect on the suit mentioned, except with regard to the royalty interest dealt with, and that neither party to that agreement recognized the title under which the other party claimed. After that agreement was made, the suit mentioned was decided in favor of the grantor of the firm of which one of the appellees was a member. The appellees did not receive any part of the amount included as above stated in the amounts on which their income taxes for the year 1921 were computed; the aggregate of those amounts having been received by other persons pursuant to the above-mentioned agreement. At the conclusion of the evidence, the court sustained motions to the effect that appellees were entitled to judgment as prayed, and entered judgments accordingly.

The right to receive a part or share of the oil extracted from the land mentioned was an interest in the land. Pollock v. Farmers' Loan & Trust Co., 157 U. S. 429, 580, 15 S. Ct. 673, 39 L. Ed. 759. That right, as to the whole or a part of the subject of it, may be sold or otherwise disposed of by its owner. There was a dispute between the parties to the above-mentioned agreement as to the ownership of a share of oil produced up to June 1, 1920, and to be produced after that date. An effect of that agreement was a settlement and compromise of that dispute by the parties on one side of it relinquishing in favor of the other parties the claim of the former to the oil royalty mentioned, except a stated interest in that royalty, and by the firm of which one of the appellees was a member relinquishing in favor of the other parties to the agreement the claim of the firm to that royalty accruing from June 1, 1920, until the sum of $200,000 should be realized therefrom. For a valuable consideration moving to the firm mentioned, namely, the relinquishment of an adverse claim to the oil royalty, that firm parted with all right or interest in or to the royalty accruing from June 1, 1920, until it amounted to the sum of $200,000. Though before the compromise agreement was made the firm mentioned owned the royalty which was the subject of that agreement, upon the execution of that agreement the other parties to it became the owners of the part of that royalty which, under the terms of the agreement, was to be paid to them. In other words, prior to 1921, the firm mentioned ceased to own all of that royalty which accrued during that year. It follows that neither of the appellees was entitled to a share of that royalty accruing in 1921. Rents or royalties are included in the income of their owner, though they are not actually received by him, but pursuant to his direction are paid to another. Houston Belt & Terminal Ry. Co. v. United States (C. C. A.) 250 F. 1; Blalock v. Georgia Ry. & Electric Co. (C. C. A.) 246 F. 387. But rents or royalties are not properly included in the income of one who did not own, receive, or control them; the ownership thereof being

vested in another when they accrued. We conclude that the above-mentioned ruling was not erroneous. The judgment is affirmed.