(Opinion published 52 N. W. Rep. 385.)

---

Nicholas J. Reilly *vs.* Robert E. Bader, (Amos C. Sardeson, Intervener.)

Argued May 23, 1892. Decided June 15, 1892.

**Practice—Motion in Place of an Answer.**

*Held,* that a former adjudication (not pleaded) cannot be set up by motion after trial and verdict.

**Granting or Refusing a Favor, Discretionary.**

Also, that a motion to set aside the verdict, and for leave to interpose a supplemental pleading alleging a former adjudication, was properly denied.

Appeal by intervener, Amos C. Sardeson, from a judgment of the District Court of Hennepin County, *Hooker,* J., entered September 18, 1891, in favor of plaintiff, Nicholas J. Reilly, and against defendant, Robert E. Bader, for $792.74 and costs. The intervener also by the same notice appealed from an order made in the action September 16, 1891, denying his motion to set aside the verdict and to be allowed to file and serve a supplemental complaint in intervention. By the same notice he also appealed from an order made in

the action September 2, 1891, denying his motion for a perpetual stay of entry of judgment and to set aside the verdict, and for judgment in his favor instead of the plaintiff's.

Action to recover upon fourteen promissory notes for $50. each and interest, dated July 11, 1889, made by the defendant Robert E. Bader. These notes, with twenty others, also for $50 each, were given by Bader to plaintiff for the furniture, fixtures, and stock of liquors and cigars in a saloon in Minneapolis. One James-K. O'Brien had been the owner of this saloon and property, but was insolvent, and sold it to Bader, and caused the notes taken for the price, to be made to the plaintiff Reilly. Six days thereafter O'Brien made an assignment of all his unexempt property to the intervener, Amos C. Sardeson, in trust for his creditors. Sardeson accepted the trust, and by leave of the court, intervened in this action, claiming that the thirty-four notes were all given to plaintiff to hinder, delay, and defraud O'Brien's creditors. Plaintiff answered that O'Brien owed him, and the notes were made to him in payment of the debt. The issues between plaintiff Reilly and intervener Sardeson were tried May 13, 1890, and plaintiff had a verdict for the amount of the fourteen notes. The intervener moved for a new trial, but was denied, and he obtained a stay of proceedings, and appealed to this court, where the denial was affirmed May 25, 1891, and the decision remitted to the District Court. *Reilly* v. *Bader*, 46 Minn. 212. On September 2, 1891, intervener moved the trial court for a perpetual stay of proceedings on the verdict, and to set aside the verdict, and for judgment in the action in his favor. This motion was denied. On September 16, 1891, intervener again moved the District Court to set aside the verdict, and permit him to file and serve a supplemental complaint in intervention. This motion was also denied, and judgment was on September 18, 1891, entered upon the verdict.

The grounds of these applications by the intervener for relief were, that in a subsequent action on the remaining twenty notes, brought by Reilly against Bader, he had intervened and obtained a verdict and judgment, while this action was stayed and in this court on the former appeal. He claimed the result of this first action should now be made to conform to the result in the second. The trial court was

of a different opinion, saying: "If it is a discretionary matter, then I think the motion should not prevail. The case at bar was the first at issue, and first tried, and it resulted in a verdict for the plaintiff. It was reviewed and approved by the lower court, and affirmed by the Supreme Court; all that remains is for the plaintiff to enter his judgment. There is no merit in the application."

*R. A. Daly,* for appellant.

If it appears that the judgment first entered, involved the whole subject-matter, and settled the claim to the whole series of notes, then the first judgment operates as an estoppel. *Newton* v. *Hook,* 48 N. Y. 676; *Felton* v. *Smith,* 88 Ind. 149; *Furneaux* v. *First Nat. Bank,* 39 Kan. 144; *Goodenow* v. *Litchfield,* 59 Iowa, 226; *Beloit* v. *Morgan,* 7 Wall. 619; *McClung* v. *Condit,* 27 Minn. 45.

A judgment entered in a second action is an estoppel to the first action. The date of the entry of judgment controls. *Duffy* v. *Lytle,* 5 Watts, 120; *Allis* v. *Davidson,* 23 Minn. 442; *Schurmeier* v. *Johnson,* 10 Minn. 319, (Gil. 250;) *Marble* v. *Keyes,* 9 Gray, 221.

The filing of supplemental complaint by the intervener was a matter of right. Bliss, Code Pl. §§ 432, 433; *Spears* v. *Mayor, etc.,* 72 N. Y. 442; *Hoyt* v. *Sheldon,* 4 Abb. Pr. 59; *Lyon* v. *Isett,* 11 Abb. Pr. (N. S.) 353; *Holyoke* v. *Adams,* 59 N. Y. 233.

*James W. Lawrence,* for respondent.

The cases cited in intervener's brief lay down some excellent principles of law, and we have no disposition to question the correctness of any of them. But we fail to see their application. Facts occurring after suit is begun are available only, if pleaded by supplemental answer. It was within the discretion of the court to grant or refuse the orders asked, and its action will not be set aside on appeal, unless it is apparent that this discretion has been abused. *Fowler* v. *Atkinson,* 5 Minn. 505, (Gil. 399;) *City of Winona* v. *Minnesota R. Const. Co.,* 29 Minn. 68; *Harrington* v. *St. Paul & S. C. R. Co.,* 17 Minn. 215, (Gil. 188.)

COLLINS, J. A peculiar condition of affairs is presented by the facts in this case. In a certain transaction between plaintiff and

defendant the latter executed and delivered to the former thirty-four promissory notes.   This action was brought to recover upon fourteen of these notes, and the appellant, asserting that he, and not the plaintiff, was entitled to the proceeds of the same, was, upon a proper showing, allowed to intervene under the statute.   The contest was then between the plaintiff and the intervener, the present appellant. A trial of the issues resulted in a verdict for the plaintiff, and upon a denial of his motion for a new trial the intervener appealed to this court.   Pending the litigation below and on appeal, a second and a third action were brought upon the other notes, appellant intervening in each.   These were consolidated for trial, and the verdict therein was for the intervener.   On this verdict judgment was entered in his favor, and the six months allowed by statute for taking an appeal from a judgment had fully expired before the appeal in the present action was determined.   The order of the district court denying the intervener's motion for a new trial was affirmed.   46 Minn. 212, (48 N. W. Rep. 909.)

The situation then was that for the amount of twenty of the notes the intervener had an absolute and final judgment in his favor, while plaintiff had a verdict, obtained long before the entry of said judgment, for the amount of fourteen of the notes; and also the decision of this court, affirming an order of the trial court denying the motion of the defeated intervener for a new trial.   Immediately upon a return from the supreme court in this action he moved the court below for an order perpetually staying an entry of judgment on the verdict, for an order setting aside and vacating the verdict, and also for the entry of judgment in his favor for the amount of the fourteen notes, with interest, costs, and disbursements, on the ground that all matters in issue in the actions had been fully adjudged and determined by the entry of the judgment before mentioned, which he averred was valid, subsisting, and final—as was the fact.   Later, he moved to set aside the verdict, and for leave to file a supplemental complaint, in which was a plea of former adjudication in bar of plaintiff's right to recover herein.   This appeal is from orders denying these motions, and also from a judgment which plaintiff had thereafter caused to be entered on his verdict.   Passing by the claim

made by respondent that the record, as certified up, is incomplete and defective, we come directly to a consideration of the merits.

The object of the first motion was to raise the question of former adjudication, and have it disposed of in favor of the intervener as fully and completely in that form of proceeding, and with the same effect, as if it had been seasonably presented at the trial. There had been no opportunity to interpose the plea of former adjudication in bar, and there had been no opportunity to produce in evidence the record of such an adjudication, because before and at the trial, and for some time thereafter, the fact and the record of the fact had no existence. Without questioning the correctness of counsel's position in respect to the conclusiveness, generally, of the first final judgment between the same parties and their privies, touching the same subject-matter, it is perfectly obvious that the object sought for by him cannot be attained by means of a motion. Such practice is unheard of. Looking at the second motion—which was to vacate and set aside the verdict, and for leave to file and serve a supplemental complaint embracing the fact of the final judgment as a plea in bar—in the best possible light for the intervener, nothing more can be said in his behalf than that at most the matter was one of discretion with the court below. The case had been duly tried, the plaintiff had a verdict, the lower court denied a new trial, and this action was duly affirmed on appeal before the motion was made. Even if we admit that the court below might at that late hour have exercised its discretion in favor of the intervener in the manner demanded, it did not, and the learned district judge rightfully remarked, when considering the subject, that there was "no merit in the application."

Orders and judgment affirmed.

(Opinion published 52 N. W. Rep. 522.)