## UNITED STATES v. WESTERN UNION TELEGRAPH CO. et al.

### No. 230.

Circuit-Court of Appeals, Second Circuit.

June 1, 1931.

George Z. Medalie, U. S. Atty., of New York City (Harry G. Herman, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Francis R. Stark, of New York City (Denis O'L. Cohalan, Francis N. Whitney, and Robert C. Barnett, all of New York City, of counsel), for appellee Western Union Telegraph Co.

Arthur L. Shipman, of Hartford, Conn. (William Brosmith, and Robert C. Dickenson, all of Hartford, Conn., of counsel), for appellee Northwestern Telegraph Co., etc.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

The appellant sues to impress a lien for taxes due for the years 1917 to 1922 from the Northwestern Telegraph Company upon funds in the possession of the Western Union Telegraph Company, which, by agreement, the latter paid to the shareholders of the former. The shareholders were made defendants.

On May 7, 1881, the Western Union Telegraph Company leased the telegraph lines of the Northwestern Telegraph Company for 99 years, for which it agreed to pay a sum of money on each share of stock, semiannually, direct to the individual stockholders of the Northwestern Telegraph Company. The Western Union Telegraph Company agreed to indorse upon each certificate of stock a promise to pay such pro rata share to each shareholder. The appellant claims such payments are subject to income and profit taxes assessed against the Northwestern Telegraph Company.

The collector of internal revenue served upon the Western Union Telegraph Company notice of a lien for the unpaid corporation income tax of the Northwestern Telegraph Company. Such liens were filed in the District Court clerk's office in the Southern district of New York. This suit followed, asserting as valid the liens upon $75,000 in the possession of the Western Union Telegraph Company on January 1, 1924, for a tax of $90,000 plus penalties.

Two questions are presented: (a) Whether such payments by the Western Union Telegraph Company to the shareholders constitute income of the Northwestern Telegraph Company and are subject to a tax; and (b) whether the appellant could enforce a lien upon the annual payments, for the taxes duly assessed, against the Western Union Telegraph Company.

The appellant cites for the proposition that the payments made to the shareholders require payment of taxable income of the Western Union Telegraph Company the following: Old Colony Trust Co. v. Com'r, 279 U. S. 716, 49 S. Ct. 499, 73 L. Ed. 918; Rensselaer & S. R. Co. v. Irwin, 249 F. 726 (C. C. A. 2); Northern R. Co. of N. J. v. Lowe, 250 F. 856 (C. C. A. 2); West End St. Ry. Co. v. Malley, 246 F. 625 (C. C. A.

1); United States v. Looney, 29 F.(2d) 884 (C. C. A. 5); Hamilton v. Ky. & I. Terminal R. R. Co., 289 F. 20 (C. C. A. 6). But, in the view we take of this issue, we need not consider the applicability of these authorities here.

■ The appellant's position is that of a creditor seeking to recover a tax debt. Income taxes, apart from the right of preference in payment, are but debts. Price v. United States, 269 U. S. 492, 46 S. Ct. 180, 70 L. Ed. 373. As against the Western Union Telegraph Company, the appellant's rights are no better or greater than those of the Northwestern Telegraph Company. The method of collection of this tax indebtedness is defined by the statute. The Northwestern Telegraph Company could not prevent the Western Union Telegraph Company from paying the stockholders after this agreement. Rensselaer & S. R. Co. v. Irwin, 249 F. 726 (C. C. A. 2). The shareholders are entitled to their share of the rent as provided in the stock certificate, and can maintain an action for its payment without joining the Northwestern Telegraph Company. Bowers v. Interborough Rapid Transit Co., 121 Misc. Rep. 250, 201 N. Y. S. 198; Peabody v. Interborough R. T. Co., 124 Misc. Rep. 801, 209 N. Y. S. 376; 213 App. Div. 857, 209 N. Y. S. 893, affirmed 240 N. Y. 708, 148 N. E. 768.

While, in view of the decision of the New York courts just cited, the holding of the Rensselaer Case that a tax may be assessed as though a lessor had money may be doubtful, in any event it does not follow that it can be collected on the same hypothesis, by the claim of a lien therefor. Appellant's right in this proceeding must be coextensive with the lessor's beneficial interest in the payments. Unless some statute creates a special method of relief or remedy for appellant to proceed in equity, there is no general jurisdiction to render a decree in personam at the instance of appellant, a creditor, directing the Western Union Telegraph Company, either as a debtor of the Northwestern Telegraph Company or as a trustee, to satisfy the tax indebtedness. The ordinary procedure to enforce the rights of a judgment creditor must be followed.

The appellant relies upon title 26, U. S. Code, § 115 (26 USCA § 115 note) Rev. St. § 3186, which provides for a lien for taxes "upon all property and rights to property belonging to such person; but such lien shall not be valid as against any * * * judgment creditor until notice of such lien shall be filed by the collector in the office of the clerk of the district court of the district within which the property subject to such lien is situated." Also title 31, U. S. C. § 192 (31 USCA § 192), Rev. St. § 3467, referring to liabilities of fiduciaries.

■ Section 3186 contemplates a lien on tangible property only, personalty or realty or estates in real or personal property which are or may be the subject of a present sale or assignment by the delinquent taxpayer. There is no provision in this section for the protection of a debtor of a taxpayer who pays his debt without notice of the receipt of the assessment list. Consequently, it would seem that the lien does not apply to a debt. The effort here is to make the Western Union Telegraph Company, a contract debtor of the Northwestern Telegraph Company, pay the debt after the assessment list has been received by the collector and without actual knowledge or notice that it would be liable to pay the debt again to the United States. The statute does not authorize garnishment, and it does not authorize the United States to proceed against a debtor of the Northwestern Telegraph Company, prohibiting the debtor from paying its debt to the company. Since there is a direct liability owing by the Western Union Telegraph Company to the shareholders to pay under the terms of the agreement in successive installments, the lien under section 3186 cannot attach to the payment of future rents.

■ The provisions applicable to fiduciaries provide that "every executor, administrator, or assignee, or other person, who pays any debt due by the person or estate from whom or for which he acts" before paying debts to the United States for such person or estate, is liable for the debts so due to the United States. Rev. St. § 3467 (31 USCA § 192). But this provision is in pari materia with section 3466 (31 USCA § 191) providing that, whenever any person indebted to the United States is insolvent or whenever the estate of any deceased debtor in the hands of a fiduciary is insufficient to pay all the debts due from the deceased, then the debts due to the United States shall be first satisfied. United States v. Butterworth-Judson Corp., 269 U. S. 504, 46 S. Ct. 179, 70 L. Ed. 380. And it creates no lien, either present or continuing. Bramwell v. United States Fidelity Co., 269 U. S. 483, 46 S. Ct. 176, 70 L. Ed. 368. It has no application to a payment by a stranger occupying no fiduciary capacity, as in the case of a debt due in the usual course of business to a solvent debtor.

Indeed, the government adduced no reason why it should be able to reach what the Northwestern Telegraph Company never in fact had, and its right in the proceedings should be coextensive with that company's beneficial interest in the payments. The Northwestern Telegraph Company had an interest to compel payment to its shareholders but its refusal to exercise that power would not prevent independent action by the shareholders to compel payment. Thus, unless the Northwestern Telegraph Company had a beneficial interest in this rent paid, it is impossible for the government to reach it. If the Western Union Telegraph Company is a mere debtor in any case, no trust may be created which would compel it to hold the funds as trustee, so as to aid in the collection of taxes.

Decree affirmed.