**UNITED STATES v. NORTHWESTERN TELEGRAPH CO.**

Nos. 203, 204.

Circuit Court of Appeals, Second Circuit.

May 11, 1936.

Robert P. Butler, U. S. Atty., and George H. Cohen, Asst. U. S. Atty., both of Hartford, Conn., Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and S. E. Blackham, Sp. Assts. to Atty. Gen., for the United States.

Arthur L. Shipman, of Hartford, Conn., for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The defendant, Northwestern Telegraph Company, on May 7, 1881, leased its entire property to the Western Union Telegraph Company for 99 years. The latter corporation agreed to pay an annual cash rental therefor directly to the stockholders of the lessor based upon a certain agreed percentage upon the par value of the shares held by them respectively. It was also provided in the lease that the lessee should indorse upon each certificate of stock a promise to pay such pro rata share of the rent to the stockholder, that the lessee should pay the interest on the first mortgage bonds of the lessor, should pay all taxes assessed upon the demised property, and for fourteen years should likewise pay $2,500 per year for the expense of maintaining the organization of the lessor. The lease is the same one considered by this court in other respects in United States v. Western Union Telegraph Co., 50 F.(2d) 102. So far as any tax questions are concerned, the lease presents the same issues involved in Gold & Stock Telegraph Company v. Commissioner (C.C.A.) 83 F.(2d) 465, the opinion in which is to be filed herewith.

The Commissioner of Internal Revenue assessed income taxes against the Northwestern Telegraph Company for the years 1927, 1928, 1929, and 1930 upon the cash rentals payable by the Western Union directly to the stockholders of the Northwestern. The latter had no property available for the payment of these taxes and denied that the income sought to be taxed be-

longed to it, whereupon the United States brought two actions at law in the United States District Court for the District of Connecticut in order to recover the taxes. The District Judge held that no taxes were due from the Northwestern Telegraph Company upon the rentals payable or paid directly to the stockholders and directed judgment for the defendant in each action, and from those judgments these appeals were taken.

It is earnestly and ably argued on these appeals, as it was upon the appeals of the Gold & Stock Telegraph Company and the Pacific and Atlantic Telegraph Company, decided herewith, that the rents paid to the stockholders were their income and not that of their corporations, and it is true that such income passed to and was the property of those stockholders and that they could have sued the Western Union to recover it. But the authorities which we fully discussed in our opinion in the Gold & Stock Telegraph Company Case require us to treat it for tax purposes as income of the corporation of which its stockholders hold the beneficial interest. It passes to them, not as assignees, but only as a changing class of beneficiaries of which the corporation is in a sense the trustee. We do not think that the stockholders can avail themselves of a corporate organization to avoid the double tax, which is ordinarily imposed where income arises from the property of a corporation and is paid to its stockholders, without subjecting themselves to such tax liabilities as may be inherent in the relation. Nor does it make a difference that the particular lease was made long before the advent of income taxes and without any thought of evasion. The liability is because the property, which belongs to whoever may be the stockholders as associates in corporate form, produces the income that passes to the recipients only as stockholders. The decisions of many federal courts are to this effect, and the Treasury Regulations, which have received legislative sanction, as well as the decisions of the Supreme Court, apparently approving the regulations, and the decisions of the lower courts all point in the same direction.

For the foregoing reasons, as well as for those stated in Gold & Stock Telegraph Company v. Commissioner, the judgments are reversed.