**BENNETT et al. v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 9413.**

Circuit Court of Appeals, Fifth Circuit.

July 20, 1940.

Muckleroy McDonnold, of San Antonio, Tex., for petitioner.

Michael H. Cardozo, IV, and Sewall Key, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John M. Morawski, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal is from a decision and order of the Board,[1] denying the petition of Bennett and his wife, to redetermine deficiencies. It presents two questions for decision: (1) Is the judgment of the District Court of the United States, that Bennett was liable on his endorsement in 1930, of certain notes to Standard Trust Company as trustee, and that he could take a bad debt deduction when he took one of them up in 1934, res judicata, as to those he took up in 1935 under the same circumstances? (2) If not, was the District Court right in holding that he was, or the Board right in holding that he was not liable on his endorsement of them and entitled to a bad debt deduction when he took them up, one in 1934, the others in 1935. The judgment of the District Court was entered June 1, 1939, the order and decision of the Board, November 6, 1939, on a petition for redetermination of deficiencies filed by petitioners with the Board on June 20, 1938, and heard and submitted on January 19, 1939, briefs filed on and before April 27, 1939. The claim of the petition was that the Commissioner had erred in disallowing bad debt

[1] 40 B.T.A. 744.

deductions on account of notes of one Casey and of one Taylor, endorsed by Bennett in 1930, to Standard Trust Company as trustee for his children. As made in the petition, this was the ground of the claim. The notes having become worthless and, petitioner, being liable on his endorsement, having been compelled upon demand of the trustee to protect and make his endorsement good, he had taken the notes up in 1935 and had thereby sustained a loss in that year in the amount claimed.

At the same time that these proceedings were going forward, before the Board, petitioners had pending and were prosecuting suits in the United States District Court for the Western District of Texas, to recover taxes illegally exacted from plaintiffs for the taxable year 1934, as a result of the disallowance by the Commissioner of a bad debt deduction on account of one of the notes, endorsed to the Standard Trust Company as trustee in 1930, which had been taken up by petitioner in 1934, on demand of the trustee, that he protect and make his endorsement good.

On June 1, 1939, the District Judge filed findings of fact, conclusions of law and an opinion in which he found and concluded: that Bennett had in June, 1930, endorsed to the Standard Trust Company as trustee for his four children, the note in question in the suit; that prior to 1934, the trustee and plaintiff had made an effort to collect the money but were unable to do so; that on July 16, 1934, on demand of the trustee, in discharge of his endorsement liability, Bennett took up the note by transferring property in lieu thereof; that Bennett was liable to the trustee on his endorsement of the note; and that the plaintiffs were entitled to a bad debt deduction of the value of the property transferred to the trustee in discharge of that liability and entered judgment accordingly. This judgment was not appealed from but became final and tax

refunds were made plaintiffs as ordered in it.

On October 18, 1939, the Board handed down its decision in which, finding the facts as claimed by plaintiff, and as they had been found by the District Court, it denied the deductions claimed, on the ground that there was no consideration for, and Bennett was not liable on, his endorsement to the trust, of the notes in question. In its opinion, the Board took cognizance of, but, unable to concur in, and not feeling bound by, refused to follow the decision and judgment of the District Court.

On November 9, petitioners filed a motion, to vacate the decision and for rehearing, in which, alleging that the time for appeal in the District Court case of Bennett v. United States had expired, the judgment had become final and refund of the amount adjudged them had been made, it pleaded the judgment and decision as res judicata of Bennett's liability by reason of his endorsement and attached to the pleading, certified copies of the pleadings, the findings of fact, the conclusions of law, the opinion of the court and the judgment in that case. On November 13, 1939, the Board entered an order denying the motion to vacate the decision and for rehearing.

Here, petitioners citing, Tait v. Western Maryland Railway Co., 289 U.S. 620, 53 S. Ct. 706, 77 L.Ed. 1405; and Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 308 U.S. 530, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537; vigorously insist that the judgment they got is res judicata, and as vigorously that considered on the merits, the District Court's decision and judgment was right, the Board's decision and order was wrong. Respondent, in effect, conceding that if the judgment of the District Court had been pleaded and relied on, as res judicata, in the hearing before the Board, petitioners should have prevailed there,[2] relies on the general rule that, res

2 In note in its brief, respondent said: "No case has specifically held that a decision in an action brought in a district court against the United States is res judicata in a subsequent action involving unquestionably identical issues, which the same taxpayer brought in the Board of Tax Appeals against the Commissioner of Internal Revenue. However, Sunshine Anthracite Coal Co. v. Adkins, 60 S.Ct. 907, 84 L.Ed. 1263, decided May 20, 1940, found in 1940 C.C.H., Vol. 4, § 9478, indicates (p. 10198) that the court would so hold. Cf. Bankers Coal Co. v. Burnet,

287 U.S. 308, 53 S.Ct. 150, 77 L.Ed. 325; Tait v. Western Maryland Ry. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405; Sage v. United States, 250 U.S. 33, 39 S.Ct. 415, 63 L.Ed. 828; Second Nat. Bank of Saginaw v. Woodworth, 6 Cir., 66 F.2d 170, certiorari denied, 280 U.S. 553, 50 S.Ct. 15, 74 L.Ed. 609; Maryland Casualty Co. v. United States, Ct.Cl., 32 F.Supp. 746 decided May 6, 1940, found in 1940 C.C.H., Vol. 4, § 9452; Pelham Hall Co. v. Carney, D.C. Mass., 27 F.Supp. 388, affirmed, 1 Cir., May 14, 1940, 111 F.2d 944, found in

judicata is a defense which must be pleaded and proved, [3] and this not having been done below, the defense may not be availed of here. Pointing out; that the purpose of the rule is to protect litigants and society in general from multiplicity of actions over the same issues, Southern Pacific R. R. Co. v. United States, 168 U.S. 1, at 49, 18 S.Ct. 18, 42 L.Ed. 355; United States v. California Bridge Co., 245 U.S. 337, at 341, 38 S.Ct. 91, 62 L.Ed. 332; that the decision of the District Court was entered June 1, 1939, over four months after the hearing before the Board had been closed; and that the District Court's decision was not and could not have been introduced into the record on the hearing before the Board, he insists that petitioners did not, indeed could not have relied on res judicata in the hearing below and they should not be permitted to raise the point on appeal. Covington v. Com'r of Internal Revenue, 5 Cir., 103 F.2d 201; Helvering v. Salvage, 297 U.S. 106, 56 S.Ct. 375, 80 L.Ed. 511.

It is true enough that petitioners could not plead and prove the judgment of the District Court as res judicata in the hearing before the Board, because that hearing was ended before the judgment relied on was entered, but this instead of making against, makes for, their right, after the judgment had become final, to set it up and rely upon it as they did do in their motion for rehearing.

■ "Res judicata is a principle of peace. Under its influence an end is put to controversies. Parties and their privies are made to abide definitive and final judgments and litigations are concluded." [4]

■ Res judicata rests on a rule of public policy designed to put an end to mere contentious litigations. Under that rule an issue once finally settled by the judgment of a court of competent jurisdiction, remains settled. "Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties." [5]

In Nachod's case, supra, the Court saying [74 F.2d 166]: "It is settled by Tait v. Western Maryland Railway Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405, that the doctrine of res judicata applies to cases in the courts under the tax laws, and that, where the parties are the same and the question identical, the fact that different tax years are involved will not prevent its application. It is also settled (Hart Steel Co. v. Railway Supply Co., 244 U.S. 294, 37 S. Ct. 506, 61 L.Ed. 1148), that a decision of one court in a case involving the same parties and the same subject matter may be interposed in another court of coordinate jurisdiction, even though the latter first acquired jurisdiction of the controversy, and that a motion for affirmance seasonably made to the latter, supported by proofs establishing identity of subject matter and privity of parties, is a proper means of raising the defense of res judicata therein"; denied the effort to plead as res judicata, a contrary decision of the Board, made in another case pending the appeal to the Circuit Court of Appeals, on the ground that the decision relied on as res judicata had neither been accepted nor become final. No case has been cited to us, we have found none which on facts like those at bar, supports the action of a Board or of a court in denying effect, as res judicata, to a judgment which could not be set up in the hearing because it had not become final, but which was called to the attention of the Board or court, and was set up in a motion for rehearing after it had been accepted and become final.

■ We think there is more of form than of substance in respondent's claim that petitioners may not avail of the plea of estoppel by judgment, because not pleaded and proved below. On such a record it

1940 C.C.H., Vol. 4, § 9469; and Erb v. United States, D.C.S.D.N.Y., 26 F.Supp. 994."

[3] United States v. Bliss, 172 U.S. 321, 19 S.Ct. 216, 43 L.Ed. 463; Westminister Church v. Presbytery of New York, 211 N.Y. 214, 105 N.E. 199; Nachod & United States Signal Co. v. Trustees of Helvering, 6 Cir., 74 F.2d 164; Reilly v. Bader, 50 Minn. 199, 52 N.W. 522; Illinois Central Railroad Co. v. Adams, 180 U.S. 28, 21 S.Ct. 251, 45 L.Ed. 410; Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355; Graff Furnace Co. v. Scranton Coal Co., 3 Cir., 266 F. 798; but see Hart Steel Company v. Railroad Supply Co., 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148; holding res judicata available when plead for the first time in the Circuit Court of Appeals.

[4] Opelousas-St. Landry Securities Co. v. United States, 5 Cir., 66 F.2d 41, 44.

[5] Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 51 S.Ct. 517, 518, 75 L.Ed. 1244.

would be a sticking in the bark of form for us to close our eyes to the admitted facts; that petitioners did obtain a judgment in their favor; that the judgment became final and was paid off, and to the settled, indeed the admitted, effect of these facts, merely because, instead of their being presented by plea and proof at the original hearing, they were presented by plea and proof in a motion for rehearing after the judgment had become final. Agreeing with petitioner as we do, that the first question, whether the District Court judgment was res judicata must be answered in the affirmative, we find it unnecessary to decide, and we do not decide, the second question, whether the Board was right and the District Court wrong. For, the rule of res judicata does not go on whether the judgment relied on was a right or a wrong decision.[6] It rests on the finality of judgments in the interest of the end of litigation and it requires that the fact or issue adjudicated remain adjudicated. It, in short, is that one, who has permitted a final judgment to go against him, is estopped, by that judgment, from contending elsewhere, against the parties to it and their privies that the fact or issue is otherwise than as there adjudged.

For the error in denying the motion for rehearing, its order is reversed and the cause is remanded to the Board, with directions to allow the rehearing and redetermine deficiencies in accordance herewith.

Reversed and remanded.

[6] Pelham Hall Co. v. Carney, D.C., 27 F.Supp. 388; Reed v. Allen, 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054, 81 A.L.R. 703.