## UNITED STATES v. WESTERN UNION TELEGRAPH CO. et al.

District Court, S. D. New York.

Oct. 1, 1943.

James B. M. McNally, U. S. Atty., of New York City (Frank J. Dufficy, of New York City, of counsel), for plaintiff.

Francis R. Stark and Clarence W. Roberts, both of New York City (Clarence W. Roberts, of New York City, of counsel), for defendant Western Union Telegraph Co.

HULBERT, District Judge.

The defendant, Western Union Telegraph Company moves: (1) For summary judgment; (2) to add parties, or in the alternative, to dismiss the plaintiff's complaint for lack of indispensable parties.

Plaintiff moves for a temporary injunction.

Defendant's motion number one is granted, which renders unnecessary the consideration and determination of the other motions.

In this action the Government seeks to compel the application of the rental sums of $75,000, which become due on July 1 and January 1 of each year under a lease of May 7, 1881, between the Northwestern Telegraph Company, as lessor, and the Western Union Telegraph Company, as lessee, to the payment of the income tax indebtedness of the defendant Northwestern Telegraph Company for the tax years 1927 to 1941, for which judgments thereon have been, or are in the process of being, obtained by the plaintiff.

The motion for summary judgment is grounded upon the defense of res judicata.

In 1881 Northwestern Telegraph Company leased to Western Union Telegraph Company all of its telegraph lines and equipment for the term of 99 years commencing July 1, 1881. The lessee agreed, among other things, to pay the sum of $150,000 per year, in semi-annual payments on January 1st and July 1st of each year, directly to the stockholders of the lessor.

A similar action was brought by the Government to recover the taxes from Northwestern Telegraph Company for the

554

years 1917 to 1922. In that case it was determined that the Government could not levy upon the rental money, even though it constituted taxable income of the lessor, since the dividends were not the property of the lessor. United States v. Western Union Tel. Co., D.C.S.D.N.Y., 19 F.2d 157, unanimously affirmed by the Circuit Court of Appeals, 2 Cir., 50 F.2d 102. The Appellate Court held that the statutory provision contemplates a lien for taxes on tangible property only and that the lien could not attach to the payment of future rents. Certiorari to the Supreme Court was not applied for.

"The doctrine of res judicata rests at bottom upon the ground that the party to be affected, or some other with whom he is in privity, has litigated or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction." Postal Telegraph Cable Co. v. City of Newport, 247 U.S. 464, 476, 38 S.Ct. 566, 570, 62 L.Ed. 1215.

"The so-called estoppel [by judgment] is no mere technicality but a reasonable measure calculated to save individuals and courts from the waste and burden of relitigating old issues." Tillman v. National City Bank of New York, 2 Cir., 118 F.2d 631, 634, certiorari denied 314 U.S. 650, 62 S.Ct. 96, 86 L.Ed. 521.

Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties." Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 525, 51 S.Ct. 517, 518, 75 L.Ed. 1244.

The doctrine of res judicata has been applied even where the first judgment is erroneous. Bennett v. Commissioner of Internal Revenue, 5 Cir., 113 F.2d 837, 130 A.L.R. 369; Thornton v. Carter, 8 Cir., 109 F.2d 316; Straus v. American Publishers' Ass'n, 2 Cir., 201 F. 306; United States v. Maryland Casualty Co., D.C.Mass. 45 F.Supp. 286.

"A judgment which is wrong, but unreversed, is as effective as a judgment which is right." Thornton v. Carter, supra, 109 F.2d at page 320.

In City of New Orleans v. Citizens' Bank, 167 U.S. 371, at page 396, 17 S.Ct. 905, at page 913, 42 L.Ed. 202, the Court, through Mr. Justice White, said: "The proposition that, because a suit for a tax of one year is a different demand from the suit for a tax for another, therefore res judicata cannot apply, while admitting in form the principle of the thing adjudged, in reality substantially denies and destroys it. The estoppel resulting from the thing adjudged does not depend upon whether there is the same demand in both cases, but exists, even although there be different demands, when the question upon which the recovery of the second demand depends has, under identical circumstances and conditions, been previously concluded by a judgment between the parties or their privies."

The Court of Customs Appeals had from its organization consistently held the rule of res judicata inapplicable to its decisions as to the classification of imported commodities for the imposition of tariff duties. For some years that court's jurisdiction of customs cases was exclusive and final, and its practice, in this respect, had come to be settled.

Eventually Congress granted a right of review in the Supreme Court which refused to overturn this practice and apply the doctrine of estoppel by judgment in this class of litigation.

In United States v. Stone & Downer Co., 274 U.S. 225, 47 S.Ct. 616, 617, 71 L.Ed. 1013, that court, in refusing to apply the principle of res judicata and reversing the judgment of the Court of Customs Appeals, said, through Mr. Chief Justice Taft, who delivered the opinion: "It is settled in this court that the general rule by which a judgment estops the parties, in future litigation between them, to question either a fact or a point of law necessary to the first judgment and adjudicated therein, applies to cases of taxation as well as to other subjects of litigation. This was decided in the case of [City of] New Orleans v. Citizens' Bank, 167 U.S. 371, 17 S.Ct. 905, 42 L.Ed. 202."

It has been held that the defense of res judicata will apply only where the question to be determined in the second action is the same as that determined in the first action. Thus in Tait v. Western Maryland R. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405, it was held that even though the subsequent claim is for the taxes for the years following the prior adjudication, the judgment in the original action will act as a bar to the second action where the facts have remained static.

This Court is cognizant of the decision in Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465.

In that case the beneficiary of a trust assigned the income of a portion of it. The Commissioner of Internal Revenue held that the entire income was taxable to the beneficiary. The Board of Tax Appeals disagreed. The Circuit Court of Appeals held that under the law of Illinois it was a spendthrift trust and, therefore, the partial assignments were void and the entire income was taxable to the beneficiary. Subsequently the trustees brought an action in the Superior Court of Cook County, Illinois, for the construction of the will with respect to the power of the beneficiary to assign a portion of his interest. The Appellate Court of Illinois held that the trust was not a spendthrift trust and that the assignments were valid. Blair v. Linn, 274 Ill.App. 23. At the time this decision was rendered proceedings as to the taxes of subsequent years were pending. The Supreme Court held that the Government's defense of res judicata was not a good defense. The Court said that the ruling in Tait v. Western Maryland R. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405, applied only where, in the subsequent proceeding although relating to a different tax year, the questions presented upon the facts and the law are essentially the same.

"Here, after the decision in the first proceeding, the opinion and decree of the state court created a new situation. * * *

"The question of the validity of the assignments is a question of local law." Blair v. Commissioner, supra, 300 U.S. at page 9, 57 S.Ct. at page 332, 81 L.Ed. 465.

Under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the Federal Courts must apply the State law. Whether the trust was or was not a spendthrift trust, for the purpose of taxing income, was a fact to be determined by the law of Illinois. The Circuit Court of Appeals in applying the Illinois law erred when they determined that the trust was a spendthrift trust. When the Appellate Court of Illinois held to the contrary, it changed the facts of the case. Therefore, when the Supreme Court said that a change in the law "created a new situation" it would seem they meant that the change in the application of the law of Illinois had created a new factual situation.

If it were believed that the plaintiff would present any facts essentially at variance with those established in the earlier case of United States v. Western Union Tel. Co., supra, the Court would be disposed to deny the defendant's motion for summary judgment and leave the issue to the determination of the trial judge. In the prior Western Union case, the Appellate Court held that the rentals were not the property of the Lessor but rather were the property of the Lessor's stockholders. In United States v. Long Island Drug Co., Inc., 2 Cir., 115 F.2d 983, 986, the court said: "The statement in United States v. Western Union Telegraph Co., 2 Cir., 50 F.2d 102, to the effect that the lien provided for in § 3670 [26 U.S.C.A. Int.Rev.Code] is limited to tangible property was a dictum based on a too narrow reading of the statute and cannot be taken as authoritative."

The Government indicates in its brief that the only question that could be presented upon the trial, and which is in fact argued here, is that in the cases of United States v. Warren R. Co., 2 Cir., 127 F.2d 134 and United States v. Morris & Essex R. Co., 2 Cir, 135 F.2d 711, the rentals are held to be the property of the Lessor corporation and not of the Lessor's stockholders.

But the question of res judicata was not involved.

Except that the United States Attorney asserts that the principle of law enunciated in the prior United States v. Western Union Tel. Co. case has been overruled by the two recent cases above mentioned, the issue in this case is the same as in the prior Western Union case, since both cases are based upon the lease of 1881. In other words the facts have not changed.

While the tendency of the courts in these progressive times in which we live is to modernize the pattern of legalistic doctrine, this court considers itself without any substantial authority to hold that the defense of res judicata is invalid in this case. Particularly, since Congress, with the presumed knowledge of the existing cases, could readily have made adequate provision in the taxing statutes making inapplicable to tax cases the doctrine of res judicata as it is, and always has been, with respect to customs cases. Settle order on notice.