HOBSON, Justice.
This is an appeal from an order of the circuit court dismissing an amended bill of complaint filed June 9, 1954 by appellant Drawdy Investment Company. The bill sought to quiet in the plaintiff title to 9,960 acres of land, which he claimed by virtue of adverse possession without color of title, commencing in 1917 and “perfected” in 1924. The motion to dismiss which the court granted was based upon several grounds, including the proposition that the relief sought was foreclosed by the decision *856 of this court in Drawdy Investment Co. v. Leonard, 158 Fla. 444, 29 So.2d 198.
This prior action was in ejectment. It involved the same parties, the same 9,960 acres of land and the same fences. The plaintiff sought, there as here, to base his title upon adverse possession without color of title. At least five successive bills of particulars were filed in that case in an effort by the plaintiff to allege sufficient facts to avoid dismissal, but ultimately, the plaintiff failing to plead further, the suit was dismissed and the ruling was affirmed by this court, Drawdy Investment Co. v. Leonard, supra, 158 Fla. 444, 29 So.2d 198.
In the present suit, the court below found that the “amended bill does not vary the substance of the bill of particulars set forth in the case * * * reported in 29 So.2d 198 * * Having studied the record, we agree.
Appellant contends that the amended bill in the present suit states a cause of action, and is not barred by res judicata because the “merits” of the prior suit were not adjudicated by this court. Appellee contends that the res judicata doctrine applies. <
It is unnecessary here to discuss the doctrine of res judicata, because under the simple and less complex rule of stare decisis the present amended bill fails to state a claim upon which relief can be granted for the same basic reason that we gave in the prior suit. As aforesaid, the prior suit, like this one, was based upon adverse possession in the plaintiff. In our opinion we stated, speaking through Mr. Justice Buford:
“We do not think it was ever contemplated that title by adverse possession could be acquired to land areas like that involved here by one who claims that right because of acts and conduct such as are delineated in the bill of particulars. No, the law must not be said to sanction that one may take so much land, not his own, with so little fence, and that little fence not all his own. See Dowdle v. Wheeler, 76 Ark. 529, 89 S.W. 1002, 113 Am.St.Rep. 106.” 29 So.2d 198, 203.
This statement of the law controls the instant case. There is no error.
Affirmed.
MATHEWS, C. J., and THOMAS and DREW, JJ., concur.