The DRAWDY INVESTMENT COMPANY and Leonard Realty Corp., Appellants,

v.

William J. LEONARD et al., Appellees.

No. 17178.

United States Court of Appeals Fifth Circuit.

Nov. 19, 1958.

Theodore M. Trushin, Burnett Roth, Miami Beach, Fla., for appellants.

Walter E. Dence, Miami, Fla., John M. Sample, Fort Pierce, Fla., for appellees.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

CAMERON, Circuit Judge.

This appeal presents the question of the correctness of an order of the court below dismissing for want of jurisdiction a civil action brought by appellants as plaintiffs against appellees as defendants based upon the charge that the courts of Florida had denied them due process of law in rendering two judgments against them. Jurisdiction is claimed solely on the ground that the questions presented arise under the Constitution of the United States, the contention being that their complaint filed in a Florida State Court was dismissed under Rule 85 of the Florida Rules of Civil Procedure, which is attacked as being unconstitutional.[1]

Drawdy sued Leonard et al. in an ejectment suit in a Circuit Court in Florida, claiming title to a large body of land by adverse possession. Finding the declaration insufficient to state a cause of action under Florida statutes, the Circuit Court ordered a bill of particulars. That, too, was found insufficient, and the court kept ordering additional bills of particulars until about five had been filed. The final

---

1. "(a) Bill of Particulars—The plaintiff with his declaration and the defendant with his plea shall file as a part thereof a bill of particulars setting forth chronologically the chain of title upon which he will rely at the trial. If any part of the chain of title be recorded, the bill of particulars shall state the name of the grantors and the grantees, and the book and page of the record thereof; if an unrecorded instrument is relied upon, a copy thereof shall be attached. The court may require the original to be submitted to the opposite party for inspection. If the party relies upon a claim of right without color of title, such bill of particulars shall so state and specify how and when such claim originated and the facts upon which such claim is based. If the defendant and plaintiff claim under a common source the bill of particulars need not deraign title prior to such common source."

Subdivision (b) of this Rule provides that either party may test the legal sufficiency of the opposite party's claim as stated in the bill of particulars, closing with the sentence:

"If either party determine that he will be unable to maintain his cause by reason of such order he may so state in the record and final judgment shall thereupon be entered by the court for the opposite party." Common Law–Court Rules, Rule 85.

such order was not complied with, and the Circuit Court entered, after due notice was disregarded by plaintiffs, a final judgment in favor of defendants Leonard et al.[2]

Drawdy appealed to the Supreme Court of Florida, which heard the case en banc and affirmed that judgment, Drawdy Investment Co. v. Leonard, 1947, 158 Fla. 444, 29 So.2d 198. Citing a number of Florida cases, the Supreme Court held that plaintiff had not stated facts which constituted a cause of action under Florida statutes governing the acquisition of title to real property by adverse possession.

Some years later Drawdy filed a suit against the same defendants, seeking to quiet title to the same lands. The Circuit Court held that the judgment in the former suit was *res judicata* of the one then before it and, upon appeal by Drawdy, the Supreme Court of Florida affirmed,[3] and certiorari was denied by the Supreme Court of the United States.[4] The Florida Supreme Court declined to be enmeshed in the argument concerning whether the former judgment should be considered *res judicata*, and based its decision instead upon the "less complex rule of *stare decisis*."

■ This brief statement will show that Drawdy's action was properly dismissed by the court below and that no constitutional question is involved. The cases upon which it relies[5] fail entirely to sustain its contentions. Every one of the cases announces the doctrine that a party cannot claim to have been denied procedural due process so long as he had notice and an opportunity to be heard, or has litigated or had an opportunity to litigate the same matter in the former action.

■■ The original judgment rendered by the Circuit Court in Florida recites that Drawdy had notice and failed to appear, and the complaint before us does not deny this. The constitutional question sought to be raised, therefore, disappears. What the appellant is really contending is that the decisions of the Florida State Courts were wrong. That does not invest this Court with jurisdiction to review those decisions.[6]

■ Drawdy did not lose its state court suits because of any controlling provisions of Rule 85. It lost because, after the Florida Court had given it five different opportunities to state in its pleadings a cause of action under Florida law, it was unable to do so. Dismissal in the trial court's reasonable discretion would have ensued independent of the rule attacked; and certainly the judgment entered was proper under its terms. The suit was dismissed only after notice, which the plaintiff chose to ignore. The State of Florida has full right to make its own laws, adjective as well as substantive; and a party has no basis for complaint on constitutional grounds in

2. Pertinent recitals of the judgment are these:
    "On May 24, 1946, defendant filed motion for judgment and later *gave notice that said motion would be presented to this court on June 22, 1946.* At said hearing plaintiff was not represented. Therefore, the court finds that the plaintiff has determined that it will be unable to maintain its cause by reason of the order of this court for more definite bill of particulars." [Emphasis added.]

3. Drawdy Investment Co. v. Leonard, 1955, 77 So.2d 855.

4. 350 U.S. 955, 76 S.Ct. 341, 100 L.Ed. 831.

5. E. g., Postal Telegraph Cable Co. v. City of Newport, Kentucky, 247 U.S. 464,

38 S.Ct. 566, 62 L.Ed. 1215; Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; Brinkerhoff-Faris Trust & Savings Co. v. Hill, 281 U.S. 673, 50 S.Ct. 451, 74 L.Ed. 1107; American Surety Co. v. Baldwin, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231; and Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161.

6. Givens v. Moll, 5 Cir., 1949, 177 F.2d 765, certiorari denied 339 U.S. 964, 70 S.Ct. 999, 94 L.Ed. 1373; Bennett v. Commissioner of Internal Revenue, 5 Cir., 1940, 113 F.2d 837, 130 A.L.R. 369; Rubens v. Ellis, 5 Cir., 1953, 202 F.2d 415; Hyman v. Regenstein, 5 Cir., 258 F.2d 502; Ballard v. First National Bank of Birmingham, 5 Cir., 1958, 259 F.2d 681. And cf. O'Boyle v. Bevil, 5 Cir., 1958, 259 F.2d 506.

a case such as this, so long as he has legal notice and opportunity to be heard.

The complaint before us fails entirely to charge any facts bringing action within federal competence,[7] and the court below properly dismissed it for want of jurisdiction.

Affirmed.

---

7. The court below dismissed as to one defendant because of lack of service of process. The complaint fails to state any ground of federal jurisdiction as to said defendant and it is included in said dismissal.