

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 8, 1971

Judge O. F. Dent
Chairman
Texas Water Rights
  Commission
Austin, Texas    78711

Opinion No. M-834

Re: Status of claims under
    Section 4 of Article
    7542a V.C.S. (Sec. 5.303,
    Water Code) where there
    has been judicial adjudi-
    cation thereof.

Dear Judge Dent:

By letter of March 30, 1971, Texas Water Rights Commis-
sion has requested our opinion as follows:

"Since the enactment of the Water Rights Adjudi-
cation Act of 1967 (Article 7542a, V.A.C.S.), num-
erous claims have been received from parties as-
serting the right to use water from the Rio Grande
in the four southern most counties, Starr, Hidalgo,
Cameron and Willacy, comprising the Lower Rio
Grande Valley.

"Specifically, 394 such claims have been received.
Three Hundred Eighty-Nine of the claims were re-
ceived on or before September 1, 1969:  Of that
number, 12 of the claims were received and filed
as directed by Section 4 of the Adjudication Act.
The remaining 5 claims were received after Sep-
tember 1, 1969.

"With the exception of the 12 claims filed, the
claims have not been acted upon in any manner
other than a letter acknowledging receipt and ad-
vising the claimant that his materials would not
be processed due to the Court Adjudication of
water rights in this area.

"One Hundred Fourteen of the claimants were not
found water rights of any kind by either the
Trial Court or the Corpus Christi Court of Civil
Appeals.  Not reflected as being a specifically
named party-defendant in the Lower Rio Grande
Litigation were 44 of the claimants.

"In view of your opinion of August 28, 1970, M-674, requiring Commission adjudication of all claims, we request your opinion as to the correct disposition of the Section 4 Claims from the area of the Lower Rio Grande Valley."

We first note that the Water Rights Adjudication Act is now being considered by the Legislature as Subchapter G (Sections 5.301 through 5.341) of the Proposed Water Code. Section 4 of Article 7542a, Vernon's Civil Statutes, appears as Sec. 5.303, pages 51 and 52 of the new Proposed Water Code.

It appears to us that all of the foregoing claims in the Lower Rio Grande Valley were the subject of a lawsuit which has been finally terminated by a final judgment. State of Texas v. Hidalgo W.C.I.D. No. 18, 443 S.W.2d 728 (Tex.Civ.App. 1969, error ref. n.r.e.). Other phases of this Court adjudication reflect that there was a thorough consideration given to all water claimants. Hidalgo County W.I.D. v. Cameron County W.C.&I.D., 250 S.W.2d 941 (Tex. Civ.App. 1952, no writ); Hidalgo W.I.D. No. 2 v. Cameron County W.C.&I.D. No. 5, 253 S.W.2d 294 (Tex.Civ.App. 1952, no writ); Hidalgo W.I.D. No. 2 v. Blalock, Judge, 157 Tex. 206, 301 S.W.2d 593 (1957); State v. Valmont, 346 S.W.2d 853 (Tex.Civ.App. 1961) affirmed in Valmont v. State, 163 Tex. 381, 355 S.W.2d 502 (1962); Maverick W.C.I.D. No. 1 v. City of Laredo, 346 S.W.2d 886 (Tex.Civ.App. 1961, error ref. n.r.e.); Hidalgo County W.C.I.D. No. 1 v. Boysen District Clerk, 354 S.W.2d 420 (Tex.Civ.App. 1962, error ref.); Hidalgo and Cameron W.C.I.D. No. 9 v. Starley, Special Judge, 373 S.W.2d 731 (Tex.Sup. 1964); and State v. Starley, 443 S.W.2d 451 (Tex.Civ.App. 1967, no writ).

In the final judgment rendered in State v. Hidalgo W.C.I.D. No. 18, supra, the Court of Civil Appeals made the following decree:

"IT IS FURTHER ORDERED, ADJUDGED and DECREED by the Court that any and all relief sought by any party hereto which is not specifically granted herein be, and the same is hereby denied."

The purpose of the suit in this judicial adjudication was also noted by the Court of Civil Appeals in State v. Hidalgo W.C.I.D. No. 18, supra at page 730, wherein this Court states:

> "In Hidalgo & Cameron Counties Water Control & Improvement District No. Nine v. J. H. Starley, Special Judge, 373 S.W.2d 731 (Tex.Sup. 1964), the Supreme Court pointed out that this suit (No. B-20,576) 'was filed by the State in 1956 to obtain an adjudication of the water rights to the American share of the waters of the Rio Grande.' ***the judgment from which this appeal is prosecuted adjudicates the water rights on that segment of the river system lying immediately below the Falcon Dam and extending to the mouth of the Rio Grande."

It is apparent from the above cases that all persons along the Lower Rio Grande have had their rights adjudicated by final judgment of a Court of competent jurisdiction. This Court indicates on page 760 of its opinion that the "...present suit possesses many characteristics of a class action..." so as to bind all claimants in the area which was covered by this final judicial adjudication.

You have also informed us that claims to water asserted by the Federal Government, and which now pend in the 93rd District Court of Hidalgo County, Texas, as Cause No. B-20,576-A, are not the subject of your request for this opinion. The status of these federal claims is not passed upon and these cases must remain in Court for judicial evaluation on trial thereof.

With reference to all other claims for water from the Rio Grande below Falcon Dam, such as those now presented under Section 4 of Article 7542a, Vernon's Civil Statutes (Sec. 5.303, et seq. of the Proposed Water Code), it is our opinion that the Texas Water Rights Commission should enter its order rejecting such claims for the reason that judicial adjudications thereof have already become final and are conclusive and binding on the parties therein in any further proceeding on the same issues. See Bennett v. Commissioner, (5th Cir. 1940), 113 F2d 837, 130 ALR 369, and George H. Lee Co. v. Federal Trade Com. (8th Cir. 1940), 113 F2d 583.

## S U M M A R Y

The Texas Water Rights Commission should order summary rejection of claims made under Article 7542a, V.C.S., where the claims arise in a segment of the Rio Grande in which the water rights have been finally adjudicated in the Courts. Such adjudication is binding and conclusive on the parties to it in any further proceeding on the same issues.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

by: NOLA WHITE
First Assistant

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

V. F. Taylor
John Reeves
Jack Goodman
John Reese

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant